## Mullinix v. The State.

CRIMINAL LAW.—*Venue.*—Upon the trial of a criminal action, the evidence must show in what county and state the offence was committed.

SAME.—*Repeal of Law.*—Where at the time of the reversal by the Supreme Court of a judgment in a criminal action the violated law has been repealed without the saving of pending actions, the defendant cannot be again put upon trial.

From the Putnam Circuit Court.

*F. T. Brown* and *J. Hanna,* for appellant.

*J. C. Denny,* Attorney General, for the State.

BUSKIRK, J.—The appellant was convicted under the act of 1859, for selling liquor by retail, without a license. The court, over a motion for a new trial, rendered a judgment on the verdict. Several errors are assigned, and various questions are discussed in reference to the sufficiency of the indictment, the admission and exclusion of evidence, and the giving of instructions; but the conclu-

sion to which we have come renders it unnecessary for us to pass upon any of these questions.

The judgment must be reversed for a failure of proof. There is no evidence in the record showing that the offence was committed in the State of Indiana or in the county of Putnam. We are compelled to reverse a judgment in a criminal case, when the evidence does not show in what county or state the offence was committed. The bill of exceptions professes to contain all the evidence. *Jackson* v. *The State*, 19 Ind. 312; *Baker* v. *The State*, 34 Ind. 104.

It appears from the evidence that the offence, if any, was committed while the act of March 5th, 1859, was in force. This act was repealed by the act of February 27th, 1873. There is no saving clause. The appellant can not again be put upon trial, the violated law having been repealed, without a clause saving pending actions. *Whitehurst* v. *The State*, *ante*, p. 473.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to discharge the defendant.