STAZEY *v.* THE STATE.

CRIMINAL LAW.—*Evidence* — *Venue.*—Where, in a criminal prosecution, the evidence does not show in what county or State the alleged offence was committed, a judgment of conviction can not be sustained.

From the DeKalb Circuit Court.

*L. J Blair,* for appellant.

*C A. Buskirk,* Attorney General, for the State.

HOWK, J.—The appellant was indicted, in the court below, for an assault and battery on one Mary Gorsage, a woman, with intent to commit rape.

On arraignment, the appellant said, for plea to the indictment, that he was not guilty as therein charged.

The cause was tried by a jury, in the court below, and a verdict was returned, finding the appellant guilty as charged, and assessing his punishment at two years' imprisonment in the state-prison, and a fine of one dollar; and the appellant's written motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered on the verdict by the court below.

The appellant has assigned as error, in this court, the decision of the court below in overruling his motion for a new trial. The causes for such new trial, assigned in his motion, were, that the verdict was not sustained by sufficient evidence, and was contrary to law, and for newly-discovered evidence, as set forth in certain affidavits filed with the motion.

The first point made in argument by appellant's attorney, in this court, is, that the verdict of the jury was not sustained by the evidence. It is insisted, that the preponderance of the evidence on the trial was in favor of the appellant, and against the verdict of the jury. The evidence is properly in the record. We have read it with care. The only evidence introduced by the State, which had a tendency even to sustain the charge against the appellant, was the evidence of the prosecuting witness. Her testimony was too filthy to be set out in this opinion; but it seems to us, that her account of the transaction was so full of improbabilities and of self-contradictions as to render it utterly unworthy of belief. We are always unwilling to disturb the judgment of a lower court on the mere weight of evidence; but, where the only evidence to sustain a conviction is inconsistent and incredible, it might be our duty to reverse the judgment.

We need not, however, and do not, place our decision of this cause upon the mere weight of evidence. The appellant's attorney makes the point, and in this he is sustained by the bill of exceptions, that there was no evidence whatever, before the court and jury trying the cause, that the offence charged in the indictment was committed in the State of Indiana, or in DeKalb county. It has been held by this court, that the judgment must be reversed, when the evidence does not show in what county or State the offence was committed. *Baker* v. *The State*, 34 Ind. 104; and *Mullinix* v. *The State*, 43 Ind. 511.

We need not consider the question of the newly-discovered evidence presented by appellant's counsel, as the judgment of the court below must be reversed, on the points already passed upon. In our opinion, for the reasons given, the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded for a new trial; and the clerk of this court will issue the proper notice to the warden of the state-prison for the appellant's return to the sheriff of DeKalb county.