## GARST v. THE STATE.

LIQUOR LAW.—*Criminal Law.*—*Venue.*—Where, on the trial of a prosecution for retailing intoxicating liquor without a license, there is no evidence as to the venue, a conviction will not be upheld.

From the Delaware Circuit Court.

*T. J. Blount* and *C. B. Templer*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

NIBLACK, J.—The appellant, Albert J. Garst, was indicted in the court below, for selling intoxicating liquors in a less quantity than a quart, to one Martin Gallaher, without a license authorizing him to make such a sale.

The appellant pleaded not guilty, and, upon a trial by the court, was found guilty, and adjudged to pay a fine of twenty dollars, and the costs of the prosecution against him. By a proper motion for a new trial, the question was raised as to the sufficiency of the evidence to sustain the indictment.

Gallaher, the prosecuting witness, testified, amongst other things, as follows:

"I live in Muncie; know defendant; a day or two before the 10th day of February, 1878, I got a drink of whiskey from defendant; I had just returned from Chicago, where I had been shipping cattle."

This was all the evidence referring, in the remotest degree, to the locality in which the alleged sale of whiskey took place.

It is objected that this evidence did not sufficiently establish the venue of the supposed illegal sale. The objection thus made is fully sustained by the case of *Deck* v. *The State*, 47 Ind. 245, a case very much in point, and must be permitted to prevail. The venue constitutes a material part of every criminal offence, and must be satisfactorily proved before the party charged can be lawfully

convicted. Nothing was really shown, as to the venue of the offence charged in this case, by the evidence set out as above. The court manifestly erred in refusing to grant a new trial. *Stazey* v. *The State*, 58 Ind. 514.

The judgment is reversed, and the cause is remanded for a new trial.