## GARST v. THE STATE.

LIQUOR LAW.—*Indictment.*—*Sale without License.*—*Quality of Liquor Sold.* —An indictment charging the sale, without license. " of intoxicating liquor in a less quantity than a quart at a time, to wit, one pint of ale," sufficiently alleges the intoxicating property of the liquor mentioned.

SAME.—*Evidence.*—*Venue.*—*Motion for New Trial.*—*Record.*—*Supreme Court.*—Without proof of the venue. a finding of guilty can not stand ; and this failure of proof is presented by a motion for a new trial, on the alleged ground that the finding is contrary to the law and the evidence.

From the Delaware Circuit Court.

*T. J. Blount* and *C. B. Templer*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

HOWK, C. J.—This prosecution against the appellant was commenced before the mayor of the city of Muncie, in Delaware county, Indiana, and was founded on the affidavit of one Albert C. Nelson, wherein it was charged, in substance, that the appellant, on or about the 24th day of February, 1878, at and in said Delaware county, did unlawfully sell, barter and give away, for ten cents, a certain intoxicating liquor, in a less quantity than a quart at a time, to wit, one pint of ale, to said Albert C. Nelson, he,

the appellant, not then and there being licensed according to the laws of this State, to sell, barter and give away intoxicating liquors in a less quantity than a quart at a time, contrary to the form of the statute, etc.

A trial before the mayor resulted in the conviction of the appellant, from which he appealed to the circuit court, wherein he moved the court to quash the affidavit against him, which motion was overruled, and to this ruling he excepted. On arraignment, the appellant interposed a plea of not guilty, as charged in said affidavit.

The cause was tried by a jury, and a verdict was returned, finding the appellant guilty as charged, and assessing his fine in the sum of twenty-eight dollars. His motions for a new trial, and in arrest of judgment, having each been overruled, and his exceptions saved to these rulings, the court rendered judgment on the verdict, and he has appealed therefrom to this court.

He has here assigned as errors the decisions of the circuit court in overruling,—

1. His motion to quash the indictment;
2. His motion for a new trial; and,
3. His motion in arrest of judgment.

The first and third of these alleged errors may properly be considered together, as they each call in question the sufficiency of the facts stated in the affidavit to constitute a public offence. The only objection urged by the appellant's counsel to the sufficiency of the affidavit in this case is, that it was not stated therein, with sufficient clearness and certainty, that the liquor, charged to have been sold by the appellant, was intoxicating. This point, we think, is not well taken. The affidavit charged, as we have seen, the sale of a certain intoxicating liquor, in a less quantity than a quart at a time, to wit, one pint of ale. Under the decisions of this court, this charge would have been sufficient, on a motion to quash the affidavit, even if the state-

ment under the *videlicet* had been entirely omitted. *The State* v. *Hannum*, 53 Ind. 335; *Hooper* v. *The State*, 56 Ind. 153. Surely, the statement that the intoxicating liquor sold was, " to wit, one pint of ale," would not vitiate an otherwise good affidavit. The court did not err, we think, in overruling either the motion to quash the affidavit, or the motion in arrest of judgment. The affidavit was clearly sufficient; and if the ale sold was neither a malt nor an intoxicating liquor, that was a matter of evidence to be shown on the trial.

Under the alleged error of the court, in overruling the appellant's motion for a new trial, it is claimed by his counsel, that, in the record of this cause, " there is not one word of proof as to what county or State the sale was made in." The evidence is in the record, by a proper bill of exceptions; and, after a thorough and careful examination, we have failed to find any evidence therein which tended, even remotely, to show, or from which it might be fairly inferred, in what county or State the alleged offence, charged against the appellant in this case, was by him committed. For such failure to prove the county and State in which the alleged offence was committed, it is settled by the decisions of this court, that the judgment must be reversed. *Baker* v. *The State*, 34 Ind. 104; *Mullinix* v. *The State*, 43 Ind. 511; and *Stazey* v. *The State*, 58 Ind. 514.

In the appellant's motion for a new trial, as causes therefor, it was assigned, among others, that the verdict of the jury was contrary to the evidence, and contrary to law. Manifestly, these causes for a new trial were well assigned; for, without proof of the venue of the offence, as charged in the affidavit, the verdict of the jury was not sustained by sufficient evidence, and it was contrary to law. The court clearly erred, we think, in overruling the motion for a new trial of this cause.

The judgment is reversed, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings.