## FRITZ v. STATE OF INDIANA.

[No. 24,433.    Filed February 7, 1924.]

1. CRIMINAL LAW.— *Venue.*— *Sufficiency of Proof.*— Evidence that a policeman arrested a man having liquor; that he took him to a police captain to whom he told where he obtained the liquor; that the captain gave him marked bills to purchase more liquor which he purchased from appellant and returned; that appellant was arrested and the marked money found on him; that the only direct proof of venue was that answering the question as to the marked money found on appellant, is not sufficient to prove venue of the offense of selling liquor.  p. 244.

2. INDICTMENT.—*Venue.*—*Necessity of Proof.*—In criminal cases the county and state in which an offense is committed is an essential element, and there must be some evidence from which the venue may be found, to sustain a conviction.  p. 244.

3    CRIMINAL LAW.—*Verdict.*—*Evidence to Sustain.*—A finding that an offense was committed in a certain county is contrary to law, if not warranted by sufficient evidence.  p. 246.

From Howard Circuit Court; *John Marshall*, Judge.

George Fritz was convicted of a violation of the prohibition law, and he appeals.  *Reversed.*

*Homer R. Miller* and *Rex E. Ballenger*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

MYERS, J.—Appellant was found guilty in the Howard Circuit Court of violating a certain provision of §8356d Burns' Supp. 1921, Acts 1921 p. 736, §1, amending Acts 1917 p. 15, §4.  He was adjudged to pay a fine and to be restrained on the Indiana State Farm for a definite period.  The trial court overruled his motion for a new trial, and that ruling is here assigned as error.  The causes stated in the motion, material to this appeal, are that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

Appellant insists that there was no evidence to sustain the finding that the alleged offense was committed in Howard county, Indiana. A witness for the state, who said he was a policeman, testified, in effect, that he arrested a person by the name of Haines who had whisky in his possession, and took him before Captain Main to whom he told where he obtained the liquor. Main then gave Haines four one-dollar bills and let him go with the understanding that he would return with more whisky. He did return with a pint of whisky and fifty cents, and reported to the officers, and testified at the trial, that he bought the whisky from appellant. Following this report, appellant was immediately arrested. Main testified that when appellant was arrested he was searched and two one-dollar bills of the same serial number of those given by him to Haines to buy whisky were taken from appellant. Then follows the question: "They found two one-dollar bills the sergeant had given this boy to buy the whisky? A. Yes, sir. Q. What county and state did this happen? A. Howard county, Indiana." This witness did not testify to anything pertaining to the alleged sale. Haines, who was thirty-three years old and had previously been convicted on another charge, sentenced to the state farm, and afterwards served three years in the reformatory at Jeffersonville, testified that he could get whisky at other places in Kokomo. Thus, we have all of the circumstances and every statement which could possibly be considered for the purpose of proving the venue. The trial was had in Howard county, Indiana, but none of the witnesses, except Haines, testified that they resided in Howard county; nor did they refer to the purchase of the liquor as a transaction had in Howard county, or in this county, or in any city or incorporated town in any county; nor did any of the witnesses, said to be police officers, indicate the jurisdic-

tion in which they were acting; nor was there any evidence showing the residence, place of business, or in any manner identifying appellant with Howard county. It would hardly be reasonable to assume from appellant's possession in Howard county, Indiana, of two one-dollar bills of the same serial number as those given by the officer to Haines, that the natural inference

1. would follow that the offense—purchase and sale of the whisky—occurred in Howard county, Indiana. The testimony pertaining to the two one-dollar bills, unaided by other circumstances connecting it with the alleged unlawful act charged against appellant, cannot be said to refer to the place where the offense was committed.

While this court has gone the limit to sustain the finding of venue, a fact usually easily proved but at times carelessly overlooked, yet no case has been cited and we know of none sustaining a conviction where the record was so barren of evidence to prove the essential fact as the one at bar. At this point it may not be out of place to refer to some of the cases in which this court refused to approve a conviction for want of such evidence, although in some of them, in our opinion, there was more evidence to prove venue than in the present case. *Christ* v. *State* (1921), 191 Ind. 56, 131 N. E. 820; *Harlan* v. *State* (1893), 134 Ind. 339; *Garst* v. *State* (1879), 68 Ind. 37; *Stazey* v. *State* (1877), 58 Ind. 514; *Mullinix* v. *State* (1873), 43 Ind. 511.

In all probability, slight care in the trial of this case would have avoided this appeal and further discussion of a well settled requirement in criminal cases,

2. for in such cases, the county and state in which the offense was committed is an essential element, and without evidence from which that fact—the venue—may be found, a conviction under such circum-

stances cannot be sustained. *State* v. *Jackson* (1918), 187 Ind. 694; *Strickland* v. *State* (1909), 171 Ind. 642.

The state has cited *Williams* v. *State* (1907), 168 Ind. 87, 92; *Patterson* v. *State* (1921), 191 Ind. 224; and *City of Indianapolis* v. *Barthel, Admr.* (1923), *post* 273, 141 N. E. 339.

A cursory examination of the Williams case will disclose that the trial was had in the criminal court of Marion county, Indiana, and the witnesses, one who said he was a policeman in the city of Indianapolis, described the place where the tragedy took place and "that it occurred in this county and state, on the 30th day of September of this year, one week ago last Sunday." According to the opinion, the foregoing testimony was aided by other evidence to sustain proof of venue. Hence, the court might well say that the offense was committed in Marion county, Indiana.

Upon the authority of the Williams case, the evidence in the Patterson case was held to be sufficient proof of the venue. In many respects these two cases were quite similar as to the evidence sustaining proof of the venue.

The case last cited by the state was a civil action for damages on account of the city of Indianapolis permitting one of its streets to become and remain in a defective condition, by reason of which the wheels of the automobile in which the party injured was riding were diverted and caused to run against an iron pole standing in the center of the street, throwing her from the machine to her injury, and from which injury she died. In that case it was asserted that the evidence did not show that the accident occurred within the city of Indianapolis. While the opinion does not disclose the evidence upon which the court based its conclusion, yet it seems there was evidence authorizing the jury to find that the accident occurred in the city of Indianapolis.

In the instant case, the evidence was insufficient to warrant the finding of the essential fact that the alleged offense was committed in Howard county,

3. Indiana, and for that reason the finding was contrary to law.

Judgment reversed, with instructions that appellant's motion for a new trial be sustained, and for further proceedings not inconsistent with this opinion.