## HARMON GRAY v. STATE OF INDIANA.

[No. 1-673A114. Filed July 29, 1974.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Gary M. Crist*, Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Gray) is appealing his conviction, after a jury trial, of Conspiracy to Commit a Felony—Uttering a Forged Instrument.

The sole issue raised by Gray is whether the evidence was sufficient to support the conviction.

We hold that the evidence was sufficient.

In reviewing the sufficiency of the evidence to support a criminal conviction, we consider only that evidence most favorable to the State with all reasonable inferences that may be drawn therefrom. If substantial evidence on each element of the crime was placed before

the jury, the conviction may not be disturbed upon appeal. *Shelton* v. *State* (1972), 259 Ind. 559, 290 N.E.2d 47.

Prior to reviewing the evidence it should be noted that the essential elements of the offense charged are (1) a uniting or combining, (2) with another person or persons, (3) for the purpose of committing a felony, (4) within or without this State. IC 1971, 35-1-111-1, Ind. Ann. Stat. § 10-1101 (Burns 1956).

The evidence most favorable to the State reveals that two men entered the Bank Cigar Store seeking to cash a check drawn upon the business account of "Swisher and Swank." The clerk cashed the checks and then called Mr. Swisher to confirm that he had in fact issued the checks. He had not. Mrs. Swisher, the company bookkeeper, then went to the business office and found it broken into. Checks were missing from the middle of the check book.

The next day, Gray and several other persons were observed by a service station attendant in a tan 1965 Buick. The car had stopped for gas, oil and some repairs. A short while later, Gray attempted to cash another "Swisher and Swank" check at the Bank Cigar Store. By this time the store personnel knew the checks had been stolen and alerted the police. Gray was arrested shortly thereafter.

At nearly the same time this activity was taking place, other persons attempted to cash "Swisher and Swank" checks at Mac's Clothing Store. The police were called to investigate. The same tan 1965 Buick was parked near the store. One of the men who had tried to cash the check in the clothing store was sitting in the car.

Gray's specific contention is that the evidence was insufficient to show an agreement between himself and the others to commit the felonious act. We do not agree.

As stated in *Shelton* v. *State, supra,* "The existence of the alleged agreement may be proved by direct evidence or

may *reasonably be inferred from the facts pre-sented."* (Emphasis added.) 290 N.E.2d at 51-52.

See also: *Lane* v. *State* (1972), 259 Ind. 468, 288 N.E.2d 258; *Samuels* v. *State* (1974), 159 Ind. App. 657, 308 N.E.2d 879.

While no direct evidence of an agreement to commit the felony was presented, it was shown that the checks were stolen from a single source—the business checkbook of Swisher and Swank. The checks were then cashed by several persons. At least two of these persons were seen riding in the same automobile a short time before the arrests were made. At the same time defendant was attempting to cash one of the checks, another person was cashing another. Then the other person was found in the same car in which defendant had been seen earlier that day. The inference could reasonable be drawn from these facts that an agreement existed among the several persons to commit the felony.

There is sufficient evidence to support a finding by the jury that Gray combined with other persons for the purpose of committing a felony.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 314 N.E.2d 798.