GARY W. GRIDER *v*. STATE OF INDIANA.

[No. 2-774A169. Filed December 10, 1974.]

*Herbert W. Johnson, Jr., White & Johnson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Grider appeals from a conviction of first degree burglary raising a single issue for review—whether there was sufficient evidence to support the trial court's finding. We affirm.

The evidence most favorable to appellee reveals that on the evening of September 19, 1973, three members of the Indianapolis Police Department responded to a radio call which reported two male prowlers in the vicinity of 838 North Gray Street. As the officers approached the residence, they heard the sound of breaking glass and observed a man wearing a blue shirt running from the side door of the house. The fleeing suspect ran within six to ten feet of two of the officers and was pursued without success. At trial, both officers identified the appellant as being the person they observed running from the house.

Upon inspection of the premises at 838 North Gray Street, it was discovered that a pane of glass in one of the doors had been broken, and the door forced open. Dresser drawers had been opened, and the bedroom appeared to have been ransacked. It was later learned, however, that nothing had been taken.

One of the investigating officers, Sergeant Campbell, broadcast a description of the suspect over the police radio. Shortly thereafter Officer Goff, also of the Indianapolis Police Department, observed a subject matching the broadcast description in Persley's Grill, a restaurant approximately a mile and a half from the burglarized premise. Goff detained the subject, Grider, until the two officers who had seen the man flee earlier arrived and identified Grider as that person. Grider was arrested and charged with first degree burglary. At the time of his arrest Grider was wearing a blue shirt.

In reviewing Grider's conviction to determine whether it was supported by sufficient evidence, we are mindful that this court can neither weigh the evidence nor resolve questions of witness' credibility. Rather, we may consider only that evidence and reasonable inferences therefrom which support the trial court's verdict. If, from that viewpoint, there is substantial evidence of probative value to establish each material element of the crime beyond a reasonable doubt, the verdict will not be disturbed.

In the case at bar, it matters not that the evidence supporting Grider's conviction was circumstantial in nature, for it is well settled that a criminal conviction may be sustained on circumstantial evidence alone. See *Wright* v. *State* (1974), 161 Ind. App. 317, 316 N.E.2d 385 and cases cited therein. However, as stated by our Supreme Court in *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6:

> "Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant. *White* v. *State* (1948), 226 Ind. 309, 79 N.E.2d 771. While the above rule has been held to be for the guidance of the trial court and on appeal it is not the province or right of this Court to weigh the evidence, however, it is the duty of this Court to examine the record of the evidence to determine whether there was sufficient evidence substantial in character to support the court's finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt. *White* v. *State, supra; Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641." See also, *Baker* v. *State* (1973), 260 Ind. 618, 298 N.E.2d 445; *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554.

In applying the standard of review mandated by the second sentence of the above passage, we conclude that there is substantial evidence to support the trial court's finding on each element of first degree burglary.[1]

---

1. First degree burglary, as defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956 Repl.), consists of three elements (1) breaking and entering, (2) into a dwelling house or other place of human

The testimony of the police officers that they heard the sound of breaking glass and shortly thereafter observed appellant exit a side door of the house and flee, together with the testimony concerning the broken glass on the door of the house and evidence of forcible entry is substantial evidence of probative value to support an inference that Grider broke and entered the residence in question. This evidence, together with the testimony concerning the ransacked condition of the bedroom and the undisputed testimony that the residence was a place of human habitation, provides a substantial basis for the trial court's finding of guilt.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 319 N.E.2d 668.

habitation, (3) with the intent to commit a felony therein. *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109.