Michael Ray SIZEMORE, Jeffrey Allen Sandlin, Appellants (Defendants-below),

v.

STATE of Indiana, Appellees (Plaintiffs-below).

No. 1–1277A287.

Court of Appeals of Indiana, First District.

Jan. 29, 1979.

Rehearing Denied March 9, 1979.

Walter E. Bravard, Jr., Richards, Bennett, Bravard & Bibbins, Indianapolis, Richard L. Tandy, Greenwood, for appellants.

Theodore L. Sendak, Atty. Gen. of Indiana, Robert J. Black, Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

Defendants-appellants Jeffrey Allen Sandlin (Sandlin) and Michael Ray Size-more (Sizemore) were charged separately with the rape[1] of K.C. (prosecutrix) and both were found guilty of rape in a joint trial.

The evidence most favorable to the State of Indiana (State) discloses the following sequence of events. On August 3, 1976, at approximately 9:00 P.M., the prosecutrix and her older sister Cheryl were waiting (to no avail) at Shazam's on the south side of Indianapolis for their boyfriends. Sizemore, Sandlin, and Sandlin's older brother Jack spotted the girls standing by themselves at about 10:00 P.M. A conversation ensued which resulted in both girls getting in the car with Jack Sandlin, Sandlin and Sizemore. The entourage proceeded to procure various alcoholic beverages, a bag of marijuana, and some various intoxicants while driving around in the automobile; however, the prosecutrix asserted she had but one small sip of both the "Peppermint Schnapps" and "Southern Comfort," and one "toke" of the marijuana. Eventually, the auto was parked in the area of a golf course, and the prosecutrix, Sandlin and Sizemore exited while Jack Sandlin remained in the car with Cheryl.

The prosecutrix testified that throughout the course of events she was scared and "put in fear," and only consented initially to be with the group in order to protect her older sister. Thus, when Sandlin returned to the car, the prosecutrix told Sizemore she had to use the restroom, and then attempted to escape. She testified that Sizemore caught her and threatened to hit her with a beer bottle, and then forcibly removed her pants and compelled her to perform oral sex. He then "tried to have sex" with the prosecutrix and succeeded in slight penetration, but she was unsure whether the penetration was accomplished by Sizemore's penis or his fingers.

When Sandlin returned, the prosecutrix was buttoning her pants. Allegedly, Sandlin then proceeded to forcibly remove her pants, and got on top of her. Again, the prosecutrix acknowledged penetration, but

---

1. *Ind.Code* 35–13–4–3.

when asked if it could have been done by his hand, she responded that she did not know. The girls were returned home about midnight. The hair of the prosecutrix was in disarray and blood was visibly present in the crotch of her pants. At about 3:00 A.M., she was examined by a Doctor Cougenhour who testified that he observed interior vaginal wounds which, in his opinion, were caused by forcible intercourse.[2] At the close of the evidence, the jury found both Sandlin and Sizemore guilty of rape, and the jury recommendation of a four year sentence was subsequently imposed.

 Initially, Sizemore and Sandlin allege error in the purported grant of the State's motion in limine based on the Rape Shield Statute,[3] thereby precluding cross-examination into the sexual background of the prosecutrix. The constitutional attacks launched, however, were resolved against Sizemore and Sandlin in *Roberts v. State* (1978), Ind., 373 N.E.2d 1103. We fail to see how this case is materially different from *Roberts*, and hence that case is controlling here—there is no showing that cross-examination would have revealed any evidence of probative value with respect to the guilt or innocence of Sizemore and Sandlin.

 Nevertheless, it is asserted that the statute is infirm as applied in this case since the trial court "permitted" the prosecution to bring out evidence concerning her *lack* of sexual activity. When reference was made to her virginity, however, the jury was promptly admonished. Such a curative measure is presumed sufficient to avoid reversible error, *Ballard v. State* (1974), 262 Ind. 482, 318 N.E.2d 798, and we have not been persuaded to the contrary.[4]

 Sandlin and Sizemore also contend that it was reversible error to allow the prosecutrix to testify as to her age at the time of the offense (14) since a charge of statutory rape had been dismissed; hence, the age of the victim, they argue, is irrelevant and would only tend to inflame the jury. The trial court is given wide latitude in weighing the probative value of the evidence with respect to a material fact as against possible prejudice attendant to its admission. *Boles v. State* (1975), 163 Ind. App. 196, 322 N.E.2d 722. As discussed *infra*, the age of the prosecutrix was relevant to the lesser included offense of assault and battery with intent to gratify sexual desires.[5] Therefore, we find no abuse of discretion and no error. *Boles, supra.*

 Sizemore and Sandlin contend that it was error to instruct the jury that a finding of guilty could be based on the uncorroborated testimony of the prosecutrix since, we assume, she was unable to definitively assert that penetration was due to a penis rather than to fingers or a hand. Although the equivocal nature of her testimony will be discussed in detail *infra*, suffice it to say that such an instruction is a correct statement of the law. *Buchanan v. State* (1976), Ind.App., 348 N.E.2d 70; *Harris v. State* (1978), Ind., 373 N.E.2d 149. Further, since all instructions are to be read together to discern if reversible error exists, *Carter v. State* (1977), Ind., 361 N.E.2d 1208, *cert. den.* 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142, we note that the jury was also carefully instructed as to their function in ascertaining the credibility of witnesses. Hence, this contention presents no error.

 Sizemore and Sandlin next contend that statements by the defendants were improperly introduced prior to the establishment of the *corpus delicti*. Although preferable to require evidence of the *corpus*

---

**2.** On cross-examination, it was acknowledged that the State was sent samples to test for the presence of sperm or an increase in the enzyme of acid phosphatase, generally found after intercourse. If such tests were positive, they were not introduced into evidence.

**3.** IC 35–1–32.5–1 to –4.

**4.** Sandlin alleged error in the failure to join the Attorney General since the constitutionality of a state statute was in issue. Even if this presented a colorable issue, the lack of joinder is harmless error since the trial court ruled against the constitutional attacks.

**5.** IC 35–1–54–4.

*delicti* before the admission of confessions or admissions, the order of proof is within the sound discretion of the trial court. *Lee v. State* (1976), Ind.App., 349 N.E.2d 214; *Garr v. State* (1974), 262 Ind. 134, 312 N.E.2d 70. Moreover, the crux of this contention is based on the failure to establish venue prior to the introduction of the statements. In this case, however, the statements were being entered primarily for the purpose of establishing venue. As such, we are unwilling to say the trial court abused its discretion on the facts of this case.

 Sizemore and Sandlin additionally allege error on the grounds that the statements were entered without deletion of references to the defendant who did not make the statement. *Bruton v. United States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Here, as contrasted with *Bruton*, the "confessor" did take the stand and hence the co-defendant had fair opportunity to cross-examine the confessor. *Buchanan v. State* (1975), 263 Ind. 360, 332 N.E.2d 213. Reliance on *Bruton* is therefore misplaced.

 Sandlin and Sizemore next allege error in the refusal to grant a motion for mistrial due to improper comments by the prosecution in closing argument. The only record presented here is the attempted reconstruction during the hearing on the motions to correct error since, for some reason, closing arguments were not transcribed. Nevertheless, the evidence favorable to the State disclosed that the defense, in closing argument, emphasized that "twenty years for rape is a long time." In rebuttal, the State asserted that the jury had the duty to fix the sentence, and after that it was in the hands of the Department of Corrections. The trial judge stated he had no recollection of the terms "probation" or "parole" being used. Although we do not condone the inferential use of "Department of Corrections", we are of the opinion that under the circumstances of this particular case, appellants have failed to establish, as

they must, an abuse of discretion by the trial court in denying their motion for a mistrial. *Randolph v. State* (1978), Ind., 378 N.E.2d 828.[6]

 Lastly, Sandlin and Sizemore contend there was insufficient evidence to sustain a conviction. On appeal, this court will not weigh the evidence or judge the credibility of witnesses; rather, our function is to determine if there is substantial evidence of probative value to support the verdict by considering the evidence and reasonable inferences to be drawn therefrom in favor of the State. *Sleck v. State* (1977), Ind.App., 369 N.E.2d 963; *Smith v. State* (1977), Ind. App., 363 N.E.2d 1295.

Sandlin and Sizemore contend that there was insufficient evidence to establish venue, and hence their convictions cannot stand. Despite the multitude of cases wherein the issue of venue has been raised, this State has yet to define the proper standard of proof, i. e., whether it must be by a preponderance of the evidence or beyond a reasonable doubt. Due to the facts at bar, and the continuing void in our common law, we deem it appropriate to establish the proper burden of proof for venue.

Venue has been described variously as a material *element* of a crime, and as an essential *fact*. With respect to the former, see *Butler v. State* (1978), Ind.App., 380 N.E.2d 611; *Quassy v. State* (1975), Ind. App., 338 N.E.2d 283; *Jackson v. State* (1918), 187 Ind. 694, 121 N.E. 114. With respect to the latter, see *Penman v. State* (1975), Ind.App., 325 N.E.2d 478; *Johnson v. State* (1957), 236 Ind. 509, 141 N.E.2d 444. Indiana appellate courts have also required substantial evidence of probative value for every material *element* of an offense, see, e. g., *Simpson v. State* (1975), 164 Ind.App. 307, 328 N.E.2d 462; *Grider v. State* (1974), 162 Ind.App. 354, 319 N.E.2d 668; *McAllister v. State* (1974), 161 Ind.App. 644, 317 N.E.2d 200; *Gray v. State* (1974), 161 Ind. App. 70, 314 N.E.2d 798; *Hubble v. State*

---

**6.** Generally, error predicated on prosecutorial misconduct is spoken of in terms of whether the defendant was put in "grave peril." *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d

843. Since the parties have framed the issue as error in the denial of a mistrial motion, we resolved it on that basis in the body of this opinion.

(1973), 260 Ind. 655, 299 N.E.2d 612, or that each material *fact* must be supported by substantial evidence of probative value. *See, e. g., Powell v. State* (1970), 254 Ind. 200, 258 N.E.2d 633; *Brown v. State* (1970), 255 Ind. 47, 262 N.E.2d 515; *Burnett v. State* (1970), 253 Ind. 520, 255 N.E.2d 529; *Hash v. State* (1973), 259 Ind. 683, 291 N.E.2d 367. Arguably, therefore, whether venue was treated as an element or as a material fact of an offense would result in the same standard of review for venue as well as other elements or essential facts in a criminal prosecution.

■ However, there seems to be a decided trend on review to focus on the *elements* rather than the essential facts in a criminal trial. *See, e. g., Luckett v. State* (1978), Ind.App., 381 N.E.2d 560; *Pawloski v. State* (1978), Ind., 380 N.E.2d 1230; *Oricks v. State* (1978), Ind., 377 N.E.2d 1376; *Harris v. State* (1978), Ind., 377 N.E.2d 632; *Moore v. State* (1978), Ind., 376 N.E.2d 1129. On the other hand, we are of the opinion that those cases which hold venue is an *element* of an offense are ill-founded. We have extensively reviewed the cases relied upon in *Butler, Quassy,* and *Jackson,* and are compelled to conclude that such cases do *not* stand for the proposition that venue is an *element* of a criminal offense.[7] Therefore, we do not believe it is accurate to state that the standard of review for venue, as an essential fact, is the same as that for the elements of the criminal offense.

■ After careful consideration, we believe a preponderance standard is more appropriate and compatible with Indiana case law. In 67 A.L.R.3d 988 (1975), the annotator collects cases which hold that such a standard applies to the establishment of venue. The three general rationales employed in reaching such a result, which we fully endorse, are: (1) venue is not an element of the offense; (2) venue does not go to the guilt or innocence of the accused; and, (3) the preponderance standard is sufficient to protect the rights of the accused.[8] We hold the State must prove venue by a preponderance of the evidence.[9]

■ Returning to the facts at bar, Detective Bumps testified that one of the defendants said he thought they were probably at Valle Vista Golf Course, located in Johnson County. The record also reveals that the defendants were traveling south on I–65, got off at the Greenwood exit, traveled west to U. S. 31 and subsequently drove onto a golf course off U. S. 31. This evidence, coupled with the lack of direct evidence by the defense that the incident occurred in Marion County, was sufficient for the jury to infer that the alleged rape occurred in Johnson County. Venue cannot, in all cases, be proven by direct evidence; as such, if the facts and circumstances are of a character to permit the jury to infer that the crime occurred in a given county, such a finding will not be disturbed on appeal. *See Weaver v. State* (1963), 243 Ind. 560, 187 N.E.2d 485.

■ With respect to the sufficiency of the evidence to establish rape, it was incumbent on the State to prove, as an element of the offense, penetration by a male penis. *Ketcham v. State* (1959), 240 Ind. 107, 162 N.E.2d 247. The only testimony in favor of the State on this issue was the testimony of the prosecutrix. It is well-settled that the uncorroborated testimony

---

7. *Butler* relies on *Quassy.* The cases relied upon in *Quassy* are: *Woodall v. State* (1974), 162 Ind.App. 39, 317 N.E.2d 900 (essential *fact*); *Strickland v. State* (1909), 171 Ind. 642, 87 N.E. 12 (venue required to sustain a conviction). *Jackson* relied on *Strickland, supra,* and *Garst v. State* (1879), 68 Ind. 101 (complete failure of proof, i. e., no evidence of venue).

8. A criminal defendant has a constitutional and statutory right to be tried in the county where the crime was committed. Ind.Const. Art. 1, § 13; IC 35–1.1–2–1.

9. If not expressly, we believe our courts have followed this standard *sub silentio.* For example, attention is drawn to the following quotation from *Strickland, supra* :

> The evidence upon this point [venue] is *meager and unsatisfactory,* but we do not feel justified in holding that the trial court might not infer, upon the whole evidence, that the transaction occurred in Gibson county.

[Emphasis added] 171 Ind. at 645, 646, 87 N.E. at 13.

of the prosecutrix is sufficient to sustain a conviction for rape, *so long as such testimony is adequate to convince the jury beyond a reasonable doubt of the defendant's guilt.* Woods v. State (1968), 250 Ind. 132, 235 N.E.2d 479; *Benn v. State* (1974), 162 Ind. App. 1, 317 N.E.2d 463.

We assume, without so holding, that the testimony of the State's witness, Dr. Cougenhour, was sufficient to establish penetration by *someone*; however, it must be borne in mind that Sizemore and Sandlin were charged individually with the offense of rape. From the record, only the testimony of the prosecutrix tends to connect the penetration with either Sizemore and/or Sandlin. But, as noted previously, such testimony was equivocal. On cross-examination, the witness contradicted herself by admitting she did not know whether penetration was caused by the male sex organ or by the use of fingers or hands. In *Vuncannon v. State* (1970), 254 Ind. 206, 258 N.E.2d 639, our Supreme Court reversed for a new trial because of the equivocal nature of the State's chief witness:

> It appears to us that this [testimony] lacks directness and freedom from uncertainty, qualities which substantive evidence of a probative value must have. A mere scintilla of evidence is not enough. Proof must be beyond a reasonable doubt.
>
> \* \* \* \* \* \*
>
> Our function . . . is to determine whether or not the evidence is substantial and of probative value. Where the evidence tends only to support a conclusion of guilt it is insufficient; it must do so beyond a reasonable doubt. *Gaddis v. State* (1969), [253] Ind. [73], 251 N.E.2d 658.
>
> \* \* \* \* \* \*
>
> From our view of the evidence as to whether or not the appellant touched the prosecuting witness in a rude, insolent

and angry manner, we cannot help but be cognizant of its uncertainty and vacillation. It does not support such a finding beyond a reasonable doubt. We conclude, therefore, that the evidence is insufficient as a matter of law to sustain the conviction.

254 Ind. at 208–209, 258 N.E.2d at 640.

Our Supreme Court has continued to recognize the vitality of case law which holds that equivocal and weak testimony may not attain the necessary quality of substantive evidence of probative value. *See Wims v. State* (1977), Ind., 370 N.E.2d 358; *Bryant v. State* (1978), Ind., 376 N.E.2d 1123.

▮▮▮ Moreover, when more than one defendant is tried for the same offense, the State must bring the criminal act home to the *particular* defendant. The fact of the crime is insufficient to find a particular defendant guilty without evidence establishing *his* guilt beyond a reasonable doubt. *Bond v. State* (1971), 257 Ind. 95, 272 N.E.2d 460.[10] A jury may not convict members of a "group" when the evidence fails to establish individual guilt. *Bond, supra.* Therefore, we conclude the evidence was insufficient as a matter of law to convict Sizemore and Sandlin individually of the crime of rape.

▮▮▮ Sandlin and Sizemore only allege insufficiency of the evidence with respect to the crime of rape.[11] On appeal, we have authority to modify a conviction to a lesser included offense where, as here, the record does not establish that the defendants were denied a fair trial, and the evidence merely failed on an essential element of the greater offense. *Lane v. State* (1978), Ind.App., 372 N.E.2d 1223; *Ritchie v. State* (1963), 243 Ind. 614, 189 N.E.2d 575. Assault and battery with intent to gratify sexual desires (IC 35–1–54–4) is a lesser included offense of rape. *See McCormick v.*

10. *See also* the classic case of *The King v. Richardson*, 1 Leach 387, 168 Eng.Rep. 296 (Old Bailey, 1785).

11. The State nonchalantly asserts that the evidence is sufficient by directing us to isolated statements made by the prosecutrix. We do not engage in a fragmentary review of the record; rather, the evidence is to be taken as a whole. *See Eldridge v. State* (1977), Ind., 361 N.E.2d 155, cert. den. 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287.

*State* (1974), 262 Ind. 303, 315 N.E.2d 360. Although the testimony of the prosecutrix was equivocal with respect to the cause of vaginal penetration, her testimony clearly established that (1) the clothing of the prosecutrix, then age 14, was forcibly removed by Sandlin and Sizemore (2) they fondled and caressed the vaginal area of the prosecutrix (3) under circumstances which tended to or did frighten the prosecutrix (4) with the intent to gratify sexual desires. From such voluntary conduct by Sandlin and Sizemore, the requisite intent may be presumed. *See Black v. State* (1971), 256 Ind. 487, 269 N.E.2d 870. Accordingly, we reverse and remand to modify the conviction to assault and battery with intent to gratify sexual desires, and to impose a sentence appropriate therewith.

Reversed and remanded.

LYBROOK, P. J., and LOWDERMILK, J., concur.