KEITH WIMS *v.* STATE OF INDIANA.

[No. 377S237. Filed December 16, 1977.]

*John F. Surbeck, Jr.,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by information with the commission of a felony (robbery) while armed, Ind. Code § 35-12-1-1 (Burns 1975). After trial by jury he was found guilty as charged, and was sentenced to thirty years of imprisonment. The sole issue presented on appeal is whether the evidence is sufficient to sustain the verdict.

This Court will not weigh the evidence or pass on the credibility of the witnesses, *Rosell* v. *State,* (1976) 265 Ind. 173, 352 N.E.2d 750.

"When the sufficiency of the evidence is raised as an issue on appeal, this Court will consider only the evidence of

probative value most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. If such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed." *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

Although a conviction may be sustained upon the uncorroborated testimony of a single witness, *Frith; Williams* v. *State,* (1975) 263 Ind. 100, 325 N.E.2d 186; *Jones* v. *State,* (1970) 253 Ind. 480, 255 N.E.2d 219, such testimony must support a conclusion of guilt beyond a reasonable doubt, *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658.

The evidence most favorable to the State indicates that on the evening of October 8, 1975, a lone man entered a Fort Wayne tavern, approached the bar and ordered a drink. When he was asked for a piece of identification, he pulled a gun and stated, "This is all the I.D. I need." The gunman then took approximately three hundred dollars from the tavern proprietor, and relieved several patrons of their wallets.

Four eyewitnesses identified the defendant at trial as the robber. Three of the eyewitnesses were somewhat uncertain in their identification of Defendant. In *Gaddis* v. *State, supra,* this Court reversed a conviction for insufficient evidence when equivocal eyewitness testimony was the *only* evidence of guilt. Here, however, eyewitness Marchita Gully testified that she was present during the robbery, had a good opportunity to observe the robber, and she realized at the time of the robbery that she recognized the robber from having seen him on a prior occasion. Gully testified that shortly after the robbery she picked Defendant's photograph out of several hundred shown to her by the police, and indicated that she had no reservations concerning her in-court identification of Defendant.

Defendant argues that Gully's testimony is inherently in-

credible. Defendant introduced evidence that he was incarcerated in a Federal penitentiary from April 5, 1973 to September 11, 1975, with the exception of two furlough periods from February 14, 1975 to February 20, 1975, and from April 16, 1975 to April 22, 1975. The crime took place on October 8, 1975, and Gully testified that her identification was based on having seen the defendant some three to six months previously when she worked at another tavern.

Defendant's incarceration during most of the period when Gully stated that she had seen him makes her testimony less probable, but his two furloughs during the relevant time period renders it plausible.

Defendant also presented alibi witnesses whose testimony conflicted with the eyewitness identifications. But, the basic function of the jury is to determine which evidence to credit, and alibi witnesses need not necessarily be believed, *Foster* v. *State*, (1977) 267 Ind. 79, 367 N.E.2d 1088.

We agree that the testimony of three of the eyewitnesses was so inconclusive that, standing alone, it would have been insufficient to support the verdict. However, the testimony of the witness Gully, although subject to scrutiny for credibility, was nevertheless evidence upon which the jury could properly make a determination of guilt. The testimony of the other three witnesses was corroborative of Gully's testimony.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 370 N.E.2d 358.