Michael Ray SIZEMORE, Jeffrey Allen Sandlin, Appellants,

v.

STATE of Indiana, Appellee.

No. 1079S295.

Supreme Court of Indiana.

Oct. 25, 1979.

Walter E. Bravard, Jr., Indianapolis, Richard L. Tandy, Greenwood, for appellants.

Theodore L. Sendak, Atty. Gen., Robert J. Black, Victoria R. Van Duren, Deputy Attys. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on petitions to transfer filed by the State and by Appellant Sandlin. The State's petition is based on a claim of error in the decision of the Court of Appeals in regard to the issue of the sufficiency of the evidence. The petition of the appellant Sandlin claims error in the opinion of the Court of Appeals in regard to the issues of the references made to K. C.'s virginity and the subsequent admonition to the jury, procedures followed by the trial court, prosecutorial misconduct and venue.

Appellants were charged individually with the offense of rape and convicted. The Court of Appeals reversed and remanded for modification of the convictions to assault and battery with intent to gratify sexual desires and to impose sentence accordingly. *Sizemore v. State*, (1979) Ind. App., 384 N.E.2d 1152. Their decision was based upon their determination that the evidence was insufficient to establish rape and focused on the requirement to prove penetration by a penis as to both men. The Court of Appeals concluded that the prosecutrix' testimony was equivocal, citing *Wims v. State*, (1977) Ind., 370 N.E.2d 358, and *Bryant v. State*, (1978) Ind., 376 N.E.2d 1123, for the proposition that equivocal or weak testimony may not attain the necessary quality of substantive evidence of probative value. The opinion concludes that the evidence was insufficient as a matter of law to convict Sizemore and Sandlin individually of rape.

We disagree, grant transfer and sustain the convictions for rape.

■ The prosecutrix testified in great detail as to what occurred. In regard to defendant Sizemore she testified that he tried to put his private parts into her and he did a little. She testified that her private parts hurt, that this continued for what seemed a long time. She testified in regard to defendant Sandlin that he had put his privates into her a couple of times and tried to get it in as far as he could. Proof of the slightest penetration is sufficient to constitute rape. *Garr v. State*, (1974) 262 Ind. 134, 312 N.E.2d 70.

■ It is unnecessary to set out all the additional descriptions of these acts. K. C., testified and was questioned for over 220 pages of the transcript of this trial. Much questioning was directed to specifics regarding the incidents. It appears abundantly clear from the lengthy testimony that this young girl gave sufficient testimony of penetration. It is equally clear that she may have been confused by some of the terminology employed by the attorneys. She was repeatedly questioned and there was ample testimony presented by her of penetration as to both defendants.

The part of the testimony emphasized by the Court of Appeals in its opinion to the effect that she was uncertain was the result of questioning as to whether it was possible that she had been penetrated by a finger. At one point she answered, "I don't know." It is distorting the testimony of this witness to select one small part of her entire testimony and to emphasize and amplify it and then characterize it as equivocal or uncertain. It is apparent when read in context that these responses were made under great emotion and were more likely a response expressing a desire to end the continued questioning or a statement that she did not know whether such a thing were possible. It is well-settled that a conviction of rape may be on the testimony of the victim

alone. *Harris v. State*, (1978) Ind., 373 N.E.2d 149; *Beard v. State*, (1975) 262 Ind. 643, 323 N.E.2d 216; *Lynch v. State*, (1974) 262 Ind. 360, 316 N.E.2d 372.

The Court of Appeals quotes extensively from *Vuncannon v. State*, (1970) 254 Ind. 206, 258 N.E.2d 639 for the requirement of more than a mere scintilla of evidence to prove guilt and that evidence must support a conclusion of guilt beyond a reasonable doubt. These general statements are correct. However, *Wims v. State*, (1977) Ind., 370 N.E.2d 358 and *Bryant v. State*, (1978) Ind., 376 N.E.2d 1123, cited by the Court of Appeals, do not require a reversal of this conviction. In *Wims, supra*, the testimony of three eyewitnesses to a robbery was uncertain as to the identification of the robber. However, the testimony of one eyewitness concerning his identification was held to be sufficient for the jury to properly make a determination of guilt. In *Bryant, supra*, there was testimony of an eyewitness to a shooting which was corroborated by the defendant himself with respect to his being on the scene and to his having had an altercation with the victim. The conflict in testimony centered on who fired the gun, the defendant or some unknown third person. It was held that this evidence was sufficient to support the conviction.

In the present case the testimony of both defendants corroborate the testimony of the victim as to the basic facts of the events of the evening, their presence at the scene and their returning the girls to a location close to their home. The conflict occurs because the men claim they did not touch K. C. The testimony of the girl's mother, the investigating officers and the examining physician was consistent with the victim's testimony as to her rape. Dr. Coughenour testified that there were five or six stellate lacerations on K. C. and that the interior of the vagina and the cervix were red. He further testified that a finger or fingers could not have caused these conditions. A jury may infer penetration from the physical condition of the victim soon after the incident. *Weaver v. State*, (1963) 243 Ind. 560, 187 N.E.2d 485. The

jury heard all of these witnesses and all of the evidence and made its determination. There is no sound reason to disturb that judgment.

We have examined the record and find that the Court of Appeals has correctly decided the other issues raised in these petitions. We therefore adopt the following from the opinion of Judge Robertson:

"Initially, Sizemore and Sandlin allege error in the purported grant of the State's motion in limine based on the Rape Shield Statute, thereby precluding cross-examination into the sexual background of the prosecutrix. The constitutional attacks launched, however, were resolved against Sizemore and Sandlin in *Roberts v. State*, (1978) Ind., 373 N.E.2d 1103. We fail to see how this case is materially different from *Roberts*, and hence that case is controlling here—there is no showing that cross-examination would have revealed any evidence of probative value with respect to the guilt or innocence of Sizemore and Sandlin.

Nevertheless, it is asserted that the statute is infirm as applied in this case since the trial court 'permitted' the prosecution to bring out evidence concerning her *lack* of sexual activity. When reference was made to her virginity, however, the jury was promptly admonished. Such a curative measure is presumed sufficient to avoid reversible error, *Ballard v. State*, (1974), 262 Ind. 482, 318 N.E.2d 798, and we have not been persuaded to the contrary.

Sandlin and Sizemore also contend that it was reversible error to allow the prosecutrix to testify as to her age at the time of the offense (14) since a charge of statutory rape had been dismissed; hence, the age of the victim, they argue, is irrelevant and would only tend to inflame the jury. The trial court is given wide latitude in weighing the probative value of the evidence with respect to a material fact as against the possible prejudice attendant to its admission. *Boles v. State*, (1975), 163 Ind.App. 196, 322 N.E.2d 722. As discussed *infra*, the age of the prose-

cutrix was relevant to the lesser included offense of assault and battery with intent to gratify sexual desires. Therefore, we find no abuse of discretion and no error. *Boles, supra.*

. . . . .

Sizemore and Sandlin additionally allege error on the grounds that the statements were entered without deletions of references to the defendant who did not make the statement. *Bruton v. United States,* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Here, as contrasted with *Bruton,* the 'confessor' did take the stand and hence the co-defendant had fair opportunity to cross-examine the confessor. *Buchanan v. State,* (1975), 263 Ind. 360, 332 N.E.2d 213. Reliance on *Bruton* is therefore misplaced.

Sandlin and Sizemore next allege error in the refusal to grant a motion for mistrial due to improper comments by the prosecution in closing argument. The only record presented here is the attempted reconstruction during the hearing on the motions to correct error since, for some reason, closing arguments were not transcribed. Nevertheless, the evidence favorable to the State disclosed that the defense, in closing argument, emphasized that 'twenty years for rape is a long time.' In rebuttal, the State asserted that the jury had the duty to fix the sentence, and after that it was in the hands of the Department of Corrections. The trial judge stated he had no recollection of the terms 'probation' or 'parole' being used. Although we do not condone the inferential use of 'Department of Corrections' we are of the opinion that under the circumstances of this particular case, appellants have failed to establish, as they must, an abuse of discretion by the trial court in denying their motion for a mistrial. *Randolph v. State,* (1978), Ind., 378 N.E.2d 828.

. . . . .

Sandlin and Sizemore contend that there was insufficient evidence to establish venue, and hence their convictions cannot stand. Despite the multitude of cases wherein the issue of venue has been raised, this State has yet to define the proper standard of proof, i. e., whether it must be by a preponderance of the evidence or beyond a reasonable doubt. Due to the facts at bar, and the continuing void in our common law, we deem it appropriate to establish the proper burden of proof for venue.

Venue has been described variously as a material *element* of a crime, and as an essential *fact.* With respect to the former, *see Butler v. State,* (1978), Ind.App., 380 N.E.2d 611; *Quassy v. State,* (1975), Ind.App., 338 N.E.2d 283; *Jackson v. State,* (1918), 187 Ind. 694, 121 N.E. 114. With respect to the latter, *see Penman v. State,* (1975), 163 Ind.App. 583, 325 N.E.2d 478; *Johnson v. State,* (1957), 236 Ind. 509, 141 N.E.2d 444. Indiana appellate courts have also required substantial evidence of probative value for every material *element* of an offense, *see, e. g., Simpson v. State,* (1975), 164 Ind.App. 307, 328 N.E.2d 462; *Grider v. State,* (1974), 162 Ind.App. 354, 319 N.E.2d 668; *McAllister v. State,* (1974), 161 Ind.App. 644, 317 N.E.2d 200; *Gray v. State,* (1974), 161 Ind.App. 70, 314 N.E.2d 798; *Hubble v. State,* (1973), 260 Ind. 655, 299 N.E.2d 612, or that each material *fact* must be supported by substantial evidence of probative value. *See, e. g., Powell v. State,* (1970), 254 Ind. 200, 258 N.E.2d 633; *Brown v. State,* (1970), 255 Ind. 47, 262 N.E.2d 515; *Burnett v. State,* (1970), 253 Ind. 520, 255 N.E.2d 529; *Hash v. State,* (1973), 259 Ind. 683, 291 N.E.2d 367. Arguably, therefore, whether venue was treated as an element or as a material fact of an offense would result in the same standard of review for venue as well as other elements or essential facts in a criminal prosecution.

However, there seems to be a decided trend on review to focus on the *elements* rather than the essential facts in a criminal trial. *See, e. g., Luckett v. State,* (1978), Ind.App., 381 N.E.2d 560; *Pawloski v. State,* (1978), Ind., 380 N.E.2d 1230; *Oricks v. State,* (1978), Ind., 377 N.E.2d

1376; *Harris v. State*, (1978), Ind., 377 N.E.2d 632; *Moore v. State*, (1978), Ind., 376 N.E.2d 1129. On the other hand, we are of the opinion that those cases which hold venue is an *element* of an offense are ill-founded. We have extensively reviewed the cases relied upon in *Butler, Quassy,* and *Jackson,* and are compelled to conclude that such cases do *not* stand for the proposition that venue is an element of a criminal offense. Therefore, we do not believe it is accurate to state that the standard of review for venue, as an essential fact, is the same as that for the elements of the criminal offense.

After careful consideration, we believe a preponderance standard is more appropriate and compatible with Indiana case law. In 67 A.L.R.3d 988 (1975), the annotator collects cases which hold that such a standard applies to the establishment of venue. The three general rationales employed in reaching such a result, which we fully endorse, are: (1) venue is not an element of the offense; (2) venue does not go to the guilt or innocence of the accused; and, (3) the preponderance standard is sufficient to protect the rights of the accused. We hold the State must prove venue by a preponderance of the evidence.

Returning to the facts at bar, Detective Bumps testified that one of the defendants said he thought they were probably at Valle Vista Golf Course, located in Johnson County. The record also reveals that the defendants were traveling south on I–65, got off at the Greenwood exit, traveled west to U.S. 31 and subsequently drove onto a golf course off U.S. 31. This evidence, coupled with the lack of direct evidence by the defense that the incident occurred in Marion County, was sufficient for the jury to infer that the alleged rape occurred in Johnson County. Venue cannot, in all cases, be proven by direct evidence; as such, if the facts and circumstances are of a character to permit the jury to infer that the crime occurred in a given county, such a finding will not be disturbed on appeal. *Weaver v. State,* (1963), 243 Ind. 560, 187 N.E.2d 485." Footnotes omitted.

Transfer is granted. The opinion of the Court of Appeals is vacated, and the judgment of the trial court is affirmed.

All Justices concur.