Otis NEBLETT, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–1078–A–355.

Court of Appeals of Indiana, Second District.

Nov. 21, 1979.

Grant W. Hawkins, Samper, Hawkins & Atz, Indianapolis, for appellant (defendant below).

Theodore L. Sendak, Atty. Gen., Charles D. Rodgers, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

BUCHANAN, Chief Judge.

## CASE SUMMARY

Otis Neblett (Neblett) appeals his conviction in Marion County Criminal Court, Division I, for confinement[1] and child molesting,[2] claiming that the evidence was insufficient to show proper venue and that he did not reasonably believe that the victim was sixteen years of age or older.

We affirm.

## FACTS

The facts and inferences most favorable to the trial court's judgment are: The victim, M.R.E., was walking home after attending school No. 71 in Indianapolis, on May 12, 1978. When she was within one and one-half blocks of her home at the Butler Apartments, 3265 Butler Street, Neblett came out of an apartment building and grabbed her by the arm. M.R.E. was taken to 5315 Butler Terrace, where Neblett lived.

Inside the house, Neblett forcibly removed items of M.R.E.'s clothing and began feeling portions of her body. M.R.E. managed to escape by hitting Neblett in the chest, grabbing her jacket and running out of the house. Although Neblett chased her, she was able to outrun him to her house.

1. Ind.Code Ann. 35–42–3–3 (West 1978).

2. Ind.Code Ann. 35–42–4–3(d) (West 1978).

3. Neblett's motion to correct errors only asserts that the conviction was not sustained by sufficient evidence and that it was contrary to law. The accompanying one paragraph memorandum in support of the motion does not add any specificity as generally required by Trial Rule 59(G). However, since Neblett is arguing in his brief the sufficiency of the evidence, we will address the issues pursuant to our Supreme Court's guidelines in *Guardiola v. State* (1978), Ind., 375 N.E.2d 1105.

## ISSUES[3]

Two issues are presented by this appeal.

ISSUE ONE: Was there sufficient evidence that Neblett did not reasonably believe that the victim was sixteen years of age or older?

ISSUE TWO: Was there sufficient evidence to establish proper venue in the trial court?

As to Issue One, Neblett insists that only by pure speculation could the trial court find that he did not reasonably believe that the victim was sixteen years of age or older. The State asserts that Neblett's belief as to the victim's age is irrelevant.

As to Issue Two, Neblett maintains that there was no evidence to establish the venue of the Marion County Criminal Court. The State asserts that there was sufficient indirect evidence of proper venue.

## DECISION

*ISSUE ONE*

■ *CONCLUSION*—There was sufficient evidence from which the trier of fact could find Neblett did not reasonably believe that the victim was sixteen years of age or older.

This case appears to raise on appeal for the first time the newly created defense of "reasonable belief" on the defendant's part that the molested child-victim was sixteen years or older at the time the offense was committed. The pertinent part of the Child Molesting Statute is Ind.Code Ann. 35–42–4–3 (West 1978):

> In *Guardiola v. State, supra,* our Supreme Court stated:
> Pursuant to Ind.R.Tr.P. 59(G), asserted errors to be argued on appeal must be separately stated in the motion to correct errors. If this is not done, such errors will be deemed waived on appeal; they cannot be argued for the first time in appellate briefs. *Spivey v. State,* (1971) 257 Ind. 257, 274 N.E.2d 227. There is an exception to this rule for sufficiency of evidence claims. *Collins v. State,* (1977) Ind. 364 N.E.2d 750.
> 375 N.E.2d at 1107.

(d) A person sixteen (16) years of age or older who, with a child twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class D felony. However, the offense is a Class B felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

(e) *It is a defense that the accused person reasonably believed that the child was sixteen (16) years of age or older at the time of the conduct.* (Emphasis supplied)

■ Even a casual reading of the statute dissipates the State's contention that Neblett could not raise a reasonable belief defense. The commentary to this section in Ind.Code Ann. (West 1978), recognizes the change from the strict liability found in prior Indiana child molesting statutes.

But the fact that such a defense now exists does not relieve the defendant of his obligation to raise it. He must put the defense in issue by some means, for example, introducing evidence as to the issue or by special pleadings. *Rogers v. State* (1978), Ind., 373 N.E.2d 125; *McGowan v. State* (1977) Ind., 366 N.E.2d 1164. See *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134.

The record is barren of any such effort on Neblett's part. No evidence was introduced as to any reasonable belief by him that M.R.E. was 16 years old or older.[4] Consequently, there was sufficient evidence to support the verdict. See *Rogers v. State, supra.*

Even if the defense had been raised, there still was sufficient evidence to support Neblett's conviction.

Testimony by M.R.E. and her mother confirmed that the victim was twelve years old both at the time of the attack (May 12, 1978) and at the time of trial (June 20, 1978). There were neither statements nor conduct by the victim from which Neblett could infer that she was age sixteen or older. *Cf. People v. Plewka* (1975), 27 Ill. App.3d 553, 327 N.E.2d 457. Neblett himself in testifying referred to the victim as "a child."

■ Finally, the victim appeared in court and testified. Her appearance in court was in itself evidence that the trier of fact could weigh as determinative of this issue. *See McGowan v. State, supra.* The presence in court of the victim is certainly relevant in this kind of a situation in which the trial occurs only one month and two days after the attack. The child's physical maturity would be virtually the same at trial as at the time of the incident.

This evidence was sufficient to support Neblett's conviction of child molesting under Ind.Code Ann. 35–42–4–3(d) (West 1978).

*ISSUE TWO*

*CONCLUSION*—There was sufficient evidence to establish the venue of the Marion County Criminal Court.

■ In determining a question of sufficiency of evidence as to venue, every intendment will be made in favor of the trial court. *Williams v. State* (1978), Ind.App., 383 N.E.2d 416. Because venue is not an element of the offense, and does not go to the guilt or innocence of the accused, it is sufficient only that the State prove venue by a preponderance of the evidence. *Sizemore v. State* (1979), Ind., 395 N.E.2d 783.

As said in *Sizemore v. State*:

[I]f the facts and circumstances are of a character to permit the . . . [trier of fact] to infer that the crime occurred in a given county, such a finding will not be disturbed upon appeal.

*Id.,* 395 N.E.2d at 787.

■ The evidence is that the victim was on her way home from School No. 71 on Emerson Avenue in Indianapolis, that she lived at 3265 Butler, which was near where the attack occurred, that the attack oc-

---

4. Neblett's defense at trial was that of misidentification.

curred at 5315 Butler Terrace where Neblett lived, and that the attack was investigated by detective David Beaman of the Indianapolis Police Department who testified that 5315 Butler Terrace is in Marion County.

The evidence of proper venue is close to overwhelming.

Affirmed.

SHIELDS and HOFFMAN (by designation), JJ., concur.