Leron EASLEY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 381S82.

Supreme Court of Indiana.

Oct. 19, 1981.

Dale K. Little, Steven J. Moss, Butler, Brown, Hahn & Little, P. C., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Leron Easley, was found guilty by a jury of rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.),

criminal deviate conduct, a class A felony, Ind.Code § 35–42–4–2 (Burns 1979 Repl.), and criminal trespass, a class A misdemeanor, Ind.Code § 35–43–2–2 (Burns 1979 Repl.). He was sentenced to concurrent terms of twenty years, twenty years, and one year for his respective convictions. In his direct appeal, he presents the following issues for our review:

(1) Whether the evidence was sufficient to support his convictions;

(2) Whether the trial court erred when it refused to instruct the jury on various lesser offenses; and

(3) Whether the verdicts of the jury were inconsistent.

The record reveals that on December 24, 1979, the victim (R. W.) was raped twice and forced to commit fellatio on her knife-wielding assailant, who surreptitiously entered her apartment in Indianapolis during the early morning hours. Her assailant wore a ski mask throughout the episode. Based on the voice of the perpetrator and the manner in which he walked, the victim stated to Indianapolis police her belief that defendant, who resided in her neighborhood and was an acquaintance, was the man who had assailed her. The victim's identification of defendant culminated in his arrest and conviction for the crimes at issue.

I.

Defendant maintains the evidence was insufficient to support his convictions. He specifically argues that in the face of the evidence he presented to support his alibi defense, the circumstantial evidence upon which the victim's identification of him was premised was not sufficient to establish his identity as the perpetrator.

■ When confronted with a challenge to the sufficiency of the evidence, whether circumstantial or direct, we are required to examine the evidence most favorable to the fact-finder's conclusion, together with the reasonable inferences therefrom. If, from that viewpoint, there is substantial evidence to support a jury's conclusion that defendant was guilty beyond a reasonable doubt,

it will not be set aside. *Spears v. State,* (1980) Ind., 401 N.E.2d 331; *Ruetz v. State,* (1978) 268 Ind. 42, 373 N.E.2d 152. This standard of review prevails even though the circumstantial evidence may give rise to conflicting yet reasonable inferences of both guilt and innocence. *Id.* The standards enunciated in *Manlove v. State,* (1968) 250 Ind. 70, 232 N.E.2d 874, and *Gaddis v. State,* (1969) 253 Ind. 73, 251 N.E.2d 658, upon which defendant relies for the proposition that circumstantial evidence must exclude every reasonable hypothesis of innocence, governs the fact-finder's assessment of the evidence at the trial court level. *Spears v. State, supra; Ruetz v. State, supra.*

■ Here, the record reveals that prior to December 24, 1979, the victim had been acquainted with defendant for approximately two months. The two had been introduced to each other by a mutual friend one night as the victim was leaving Ayr-Way, a store where she was employed. Thereafter, she saw defendant on a daily basis, for he resided across the street from her in her neighborhood. She testified that defendant had indicated his romantic interest in her and that she had refused his invitations for a date. According to her testimony, defendant sometimes stopped by the Ayr-Way store to inquire about employment opportunities there; he also had visited her apartment about six or eight times, and the two had met and talked on the neighborhood street on random occasions.

Based on her conversations with defendant and "seeing him walk in the street every day," the victim testified she knew the perpetrator was defendant by "his voice" and "the way he walked." In addition, she stated the perpetrator exhibited a familiarity with the layout of her apartment.

In-court identifications on the basis of voice alone have been held sufficient to sustain a conviction. *Zollatz v. State,* (1980) Ind., 412 N.E.2d 1200; *Allison v. State,* (1960) 240 Ind. 556, 166 N.E.2d 171. Here, the voice identification was buttressed by other circumstantial evidence which corroborated the identification. The

evidence was sufficient to support the jury's conclusion that defendant was the person who assailed the victim. *Id.; Barnes v. State,* (1971) 255 Ind. 674, 266 N.E.2d 617.

Defendant's contention that the circumstantial evidence recited heretofore was insufficient to overcome the evidence in support of his alibi defense also must fail. That argument merely invites us to reweigh the evidence and to judge the credibility of the witnesses, matters which, with rare exceptions, are the sole province of the jury. *Wims v. State,* (1977) 267 Ind. 392, 370 N.E.2d 358; *Woods v. State,* (1968) 250 Ind. 132, 235 N.E.2d 479. The victim's testimony embodied neither the "inherently improbable" quality present in *Penn v. State,* (1957) 237 Ind. 374, 146 N.E.2d 240, nor the "incredible dubiosity" and coerced, equivocal nature found in *Gaddis v. State, supra,* which would warrant its exclusion in our review. Accordingly, we find no error here. *Zollatz v. State, supra; Wims v. State, supra.*

## II.

Defendant next contends the trial court erred when it refused to instruct the jury on lesser and included offenses. The trial court refused defendant's tendered instructions numbered 1, 2, 3, and 4, by which the jury would have been informed that criminal recklessness and battery were lesser included offenses of criminal deviate conduct and rape, the charged crimes. Defendant's contention that the trial court erred in refusing his instructions is predicated on the proposition that instructions should be given on all offenses necessarily included in the crimes charged.

The state, relying on *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208, and *Roddy v. State,* (1979) Ind.App., 394 N.E.2d 1098, correctly acknowledges that the question whether an instruction should be given on a lesser offense is not solely dependent on the determination that the lesser offense is "included" within the crime charged. *See also, Hash v. State,* (1972) 258 Ind. 692, 284 N.E.2d 770. Rather, a two-step inquiry must be satisfied before an instruction on a lesser offense should be given.

First, it must be determined that the lesser offense is "included" within the crime charged, as it was allegedly committed in the charging instrument. *Lawrence v. State, supra; Roddy v. State, supra.* If so, it must then be ascertained whether the evidence produced at trial warrants submission of the lesser and included offense to the jury. *Id.*

Here, we need only focus on step two of the inquiry. Even if we assume the lesser offenses were included within the crimes charged, the evidence did not warrant submission of the lesser offenses to the jury's consideration.

That is so because the evidence reveals no dispute regarding the commission of the acts or elements which distinguish battery and criminal recklessness from criminal deviate conduct and rape, the charged crimes. The latter crimes both require offensive sexual contact, while the former offenses are not so defined. *See* Ind.Code § 35–42–2–2 (Burns 1979 Repl.) (criminal recklessness) and Ind.Code § 35–42–2–1 (Burns 1979 Repl.) (battery).

Defendant's claim of innocence rested on his alibi defense. The only factual dispute raised at trial concerned whether defendant was the person who committed the crimes charged. Consequently, defendant was either guilty of those offenses charged or was not guilty of any offense. To permit the jury to consider whether defendant was guilty only of the lesser offenses of criminal recklessness and battery would have allowed the jury "to speculate on a third factual situation upon which there was no evidence." *Hash v. State, supra,* 258 Ind. at 698, 284 N.E.2d at 773. *See also, Hester v. State,* (1974) 262 Ind. 284, 315 N.E.2d 351. In turn, the instructions on the lesser offenses would have opened the door for a compromise verdict, a potentiality which step two of the inquiry is designed to preclude. *Lawrence v. State, supra; Roddy v. State, supra.*

Inasmuch as no evidentiary dispute whatsoever existed with respect to the elements which distinguished the lesser offenses from those crimes charged, the trial court

properly refused to instruct the jury in accordance with defendant's tendered instructions. *Lawrence v. State, supra; Hash v. State, supra.*

### III.

Defendant maintains the verdicts rendered by the jury were inconsistent and consequently warrant corrective action by this Court. Recently, however, this Court has held that it is not within the province of our appellate tribunals "to attempt to interpret the thought process of the jury in arriving at their verdict." *Hicks v. State,* 426 N.E.2d 411 (1981). The claim that a jury has rendered inconsistent verdicts in a criminal cause is not a valid basis upon which to challenge a conviction, under the authority of *Hicks v. State, supra.* Consequently, it cannot be said the verdicts rendered here were erroneous for any reason of inconsistency.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.