**Darnell HATTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 580S135.**

Supreme Court of Indiana.

Sept. 1, 1982.

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Hatton was charged by information with the following:

count 1. class B felony robbery, Ind. Code § 35–42–5–1 (Burns Supp.1982);

count 2. class B felony criminal confinement, Ind.Code § 35–42–3–3 (Burns Supp.1982);

count 3. class D felony theft, Ind.Code § 35–43–4–2 (Burns Supp.1982); and

count 4. class D felony theft, Ind.Code § 35–43–4–2 (Burns Supp.1982).

A jury in the Marion County Superior Court, Criminal Division Two, found him guilty of every count as charged. The jury then found Hatton guilty of being an habitual offender as defined in Ind.Code § 35–50–2–8 (Burns Supp.1982). He was thereafter sentenced to consecutive prison terms totaling seventy-eight years. Hatton now directly appeals. He raises five issues which we consolidate into the following two:

1. The verdicts on counts one through four were not supported by sufficient evidence and therefore are contrary to law; and

2. The trial court erred in sentencing Hatton.

At approximately 2:00 p. m. on July 25, 1979, June Plezia left her place of employment in Cleveland, Ohio, on a business errand. As she stepped into the Volkswagen "bug" automobile loaned to her by David Klein, a fellow employee, Hatton approached her. He leaned over into the car

through the open driver's window and told Plezia "to get out of the car, or he was going to kill [her]." Hatton argued with Plezia and then "yanked" her out of the car. He struck her, pulled away her purse and drove off in Klein's car. Plezia noticed that Hatton had a red cloth in his hand.

At about 9:00 p. m. in the evening of the same day, Virginia Kubek observed Hatton. She had been shopping in the Kroger Supermarket at the Castleton Square Shopping Center in Marion County, Indiana, and was walking to her car to go home. Hatton's manner as he sat in a parked Volkswagen in the parking lot attracted Mrs. Kubek's attention. The Volkswagen was the same one taken in Cleveland. Having also finished shopping, Nancy Mattheeussen walked to her car in the Kroger parking lot. The driver's side of her automobile was immediately adjacent to the driver's side of Klein's car where Hatton sat. As Mattheeussen stepped into her car, Hatton proceeded to force his way into the car with her. Hatton "shoved" Mattheeussen over onto the passenger's seat and grabbed the car keys out of her hands. When Mrs. Mattheeussen tried to open the passenger's door, Hatton threatened to hurt her. She testified that he held, close to her head, a crow-bar partially wrapped in a red towel. Several shoppers went to Mrs. Mattheeussen's car in response to Mrs. Kubek's horn honking and screaming for help. They eventually pulled Hatton out of the car. While one man held Hatton in a headlock and another tied up his legs with a belt, the shoppers were able to restrain Hatton until the police arrived.

I

■ In reviewing the sufficiency of the evidence, the rule in Indiana is well settled. This Court will consider only the evidence which is most favorable to the State, together with all reasonable inferences drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, a conviction will not be set aside. *Anderson v. State*, (1981) Ind., 426 N.E.2d 674; *Wise v. State*, (1980) Ind., 400 N.E.2d 114.

■ Count one of the information charged Hatton with armed robbery in that he did, "while armed with a deadly weapon, to-wit: a metal bar, take from the presence of Nancy Mattheeussen property, to-wit: keys, by putting Nancy Mattheeussen in fear by using or threatening the use of force". Hatton alleges that he can be guilty of only class D felony theft because the evidence does not show that he was armed with a deadly weapon when he demanded the victim's property. The evidence clearly indicates that Hatton entered Mattheeussen's car while she was sitting in it and grabbed the car keys from her. Further, the evidence shows that Hatton threatened to hurt Mrs. Mattheeussen when she attempted to get out of the car from the passenger's side. She testified:

"Q. Alright, did this man that came into your car, did he have anything in his hand?

A. Yea, he had what looked to me to be a small crow-bar, and it was wrapped up in a red towel."

Mrs. Mattheeussen also testified that she was in terror and was crying. As here set out, the evidence shows that when Hatton forced his way into the car he was carrying a crow-bar. Since the keys were taken after Hatton entered the car, the evidence is sufficient to sustain the jury's guilty verdict of armed robbery.

■ The jury also found Hatton guilty of criminal confinement as alleged in count two. Hatton argues that this conviction is not supported by sufficient evidence since the victim had voluntarily gotten into her car where she intended to remain. The evidence includes the following testimony of Mrs. Mattheeussen:

"Q. Okay. After he grabbed your keys what did he do?

A. My first reaction was to try to get out the passenger's side of the car. And, ...

Q. Did you try and open the door?

A. Yes. It was locked. And, I went for it and I think that he grabbed

my arm, and said that if I did anything that he would hurt me.

Q. Were you trying to open the door when he said this to you?

A. Yes. I was."

This evidence makes clear that the victim was trying to get out of her car when Hatton threatened her with bodily harm if she further attempted to leave. Hatton's effort to keep Mattheeussen in the car was clearly without her consent. There was sufficient evidence to find that Hatton substantially interfered with Mattheeussen's liberty above and beyond the physical interference attendant to his theft of her keys. The fact that the time of actual confinement was relatively brief is not determinative. What is most significant is the nature of the interference. Here there was sufficient evidence to find Hatton guilty of criminal confinement while armed with a deadly weapon.

Appellant further argues that the State failed to prove that he exerted unauthorized control in Marion County, Indiana, over the purse and car stolen in Ohio. Count three alleges that Hatton did "knowingly exert unauthorized control over the property of June Plezia, to-wit: a pocket book and purse with intent to deprive June Plezia of the value or use of said property." Count four alleges that Hatton did "knowingly exert unauthorized control over the property of David Klein, to-wit: a 1975 Volkswagen automobile". Both counts allege that the unauthorized control took place in Marion County, Indiana.

■ The standard of review for the proof of venue in criminal cases was set forth by this Court in *Sizemore v. State*, (1979) Ind., 395 N.E.2d 783, 787, as follows:

"After careful consideration, we believe a preponderance standard is more appropriate and compatible with Indiana case law. In 67 A.L.R.3rd 988 (1975), the annotator collects cases which hold that such a standard applies to the establishment of venue. The three general rationales employed in reaching such a result, which we fully endorse, are: (1) venue is not an element of the offense; (2) venue does

not go to the guilt or innocence of the accused; and, (3) the preponderance standard is sufficient to protect the rights of the accused. We hold the State must prove venue by a preponderance of the evidence."

We followed *Sizemore* in *Morris v. State*, (1980) Ind., 409 N.E.2d 608, 610, where this Court stated:

"At trial assurance must be provided that the offense charged occurred in the county of this State in which the trial is then taking place or from which it was removed at the instance of the accused. Proof that the crime occurred in the county identified in the charging instrument, or of proper venue as it is otherwise known, ordinarily serves this purpose. Proper venue must be proved by the State in the same manner as the essential elements of the crime as defined by statute, but only by a preponderance of the evidence."

The State's burden is therefore satisfied if, when looking to the evidence and reasonable inferences therefrom which support a finding of venue, there is evidence of probative value which a reasonable trier of fact could conclude preponderates in favor of the requisite venue. Circumstantial evidence is no different from other evidence for this purpose, and may be sufficient even though standing alone. *Morris* at 610.

■ Mrs. Plezia testified that after Hatton "yanked" her out of Klein's automobile, he took Plezia's purse and drove away. Hours later, Hatton was seen sitting in Klein's car in a parking lot in Marion County, Indiana. Plezia's purse was in the car. This evidence clearly preponderates in favor of the conclusion that Hatton exerted unauthorized control over both the auto and purse in Marion County. We hold that the evidence in this case is quite sufficient to sustain the guilty verdicts returned on counts one, two, three and four.

II

■ The trial court sentenced Hatton to twenty year sentences on counts one and

two, and to four year sentences on counts three and four. All of these sentences were the maximum allowed to be rendered under the respective law for each offense. Ind. Code § 35–50–2–5 (Burns 1979); Ind.Code § 35–50–2–7 (Burns Supp.1982). Each of these sentences was ordered to be served consecutively. Hatton contends that his case must be remanded for re-sentencing on counts one through four since the trial judge failed to make a part of the record what factors were considered to constitute aggravating circumstances justifying the aggravated sentences. We agree.

A trial court cannot arbitrarily aggravate a statutorily prescribed sentence without stating in the record its reasons for doing so. We have previously so held in several cases. *Spinks v. State*, (1982) Ind., 437 N.E.2d 963; *Page v. State*, (1981) Ind., 424 N.E.2d 1021; *Abercrombie v. State*, (1981) 417 N.E.2d 316. In *Spinks* at 967, we instructed:

"A trial court has judicial discretion to aggravate or mitigate a sentence from the statutory prescription. Ind.Code § 35–4.1–4–7(b), (c) and (d) [§ 35–50–1A–7(b), (c) and (d) (Burns 1979) ]. When a trial court exercises this judicial discretion it must make a statement of its reasons. This necessarily requires a rendition of facts, taken in some detail from the record, which are peculiar to the particular defendant and crime. Merely suggesting that a sentence is appropriate by comments of general impression or conclusion will not suffice. The trial court's statement must be sufficient to enable us to make a decision on the reasonableness of the sentence. Only in this way can we fulfill our responsibility to review the trial court's exercise of its judicial discretion. The trial court's statement is important also because it further serves to enlighten the defendant and the community as to the trial court's reasons for the imposition of an enhanced sentence, thereby greatly bolstering the public's confidence in the fairness and justice of our State's judicial process."

■ Finding no adequate statement of explanation or justification to support the aggravated sentences imposed in this case, we remanded to the trial court. On July 21, 1982, the trial court responded to our order and filed the following *nunc pro tunc* entry in the record:

"Comes now the Court and pursuant to the order of the Supreme Court of Indiana of June 21, 1982 makes the following findings of fact effective the date of the sentencing hearing of November 14, 1979.

1. That the defendant was convicted of Second Degree Burglary in 1974.

2. That the defendant was convicted of Burglary in 1978.

3. That the defendant was arrested for Attempted Robbery in 1978 but escaped from custory (sic) prior to sentecing (sic).

4. That the defendant was convicted of Robbery, Kidnapping, Rape and Criminal Deviate Conduct in 1978.

5. That the defendant was convicted of Burglary and Murder in 1978.

6. That the defendant was convicted of Escape in 1979 prior to the cause herein.

7. That based on the prior convictions of the defendant and the evidence presented of the present charges, the court finds that the defendant, Darnell Hatton represents a substantial danger to society, and for that reason the Court is aggravating the sentence. Also, the aggravation is supported by the defendant's need of correctional treatment, and lesser sentences would depreciate the seriousness of this crime, as well as the seriousness of the defendant's prior record.

8. That throughout these proceedings the defendant showed absolutely no remorse whatsoever for the crimes of which he was convicted.

9. That the report of the Marion County Criminal Probation Department of November 13, 1979 recommended that a maximum sentence be imposed and that the defendant be incarcerated in a maximum security institution.

Wherefore, the Court finds that there have been sufficient aggravating circum-

stances to impose the sentence given to the defendant on November 14, 1979." By disclosing these reasons, the trial court complied with our mandate as set forth in *Spinks* and *Page* and provided us with the record necessary for purposes of our review.

Our scope of review pertaining to sentencing is established and defined in Rule 2 of the Indiana Rules for the Appellate Review of Sentences. Rule 2(1) directs that we "will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Rule 2(2) states that "a sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." The record now very clearly speaks for itself. Hatton's prior criminal record, the trial court's perception of Hatton's dangerous character and the fact that the instant crimes were committed while Hatton was an escapee from the Marion County jail all provide a most sufficient basis for these aggravated sentences. This Court finds that these sentences are not manifestly unreasonable in light of the nature of the offenses and the character of the offender. We therefore affirm each of Hatton's aggravated sentences.

In pronouncing sentence, the trial judge recommended that Hatton never be eligible for parole. Hatton's trial counsel objected to this recommendation but was overruled. Hatton now argues this to be error and requests that his cause be remanded with instructions to vacate the recommendation. We have previously decided this issue. In *Mott v. State*, (1980) Ind., 402 N.E.2d 986, 989, we held:

"... the trial court's recommendation of no parole is merely a recommendation. It is not an order. The Indiana parole board of the Department of Corrections has exclusive power to parole prisoners, under our statutes, Ind.Code § 11–1–1–7 (Burns 1979). The appellant was sentenced to the Department of Corrections and there is no showing that he has been harmed in any way by the recommendation of the judge. This remark, while inappropriate, does not constitute error."

Although Ind.Code. § 11–1–1–7 was repealed by Acts 1979, P.L. 120 § 22, effective October 1, 1980, the general authority of the parole board in parole matters has not been diminished. The plenary power to parole prisoners is still vested in the parole board by virtue of Ind.Code § 11–9–1–2 (Burns Repl.1981), which reads:

"(a) The parole board shall:

.        .        .        .        .

(2) Make parole release and revocation decisions under IC 11–13–3 [11–13–3–1 —11–13–3–10] and IC 35–50–6–1;".

We therefore reaffirm our above quoted holding in *Mott* according to Ind.Code § 11–9–1–2. Since the trial judge's recommendation can have no binding effect on Hatton and since Hatton does not claim that he has been harmed or prejudiced by the recommendation, we dismiss Hatton's final alleged error as immaterial.

The judgment of the trial court is affirmed in all respects.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.