## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2017, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devon Delshaun Dokes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 21, 2017

Court of Appeals Case No.
71A03-1605-CR-1190

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1512-F3-65

**Bailey, Judge.**

# Case Summary

Devon Delshaun Dokes ("Dokes") appeals his conviction of Robbery, as a Level 5 felony.[1]  He presents the sole issue of whether there is sufficient evidence to support his conviction.  We affirm.

# Facts and Procedural History

On September 20, 2015, Renee Bond ("Bond") went to the South Bend residence of Terrica McMorris ("McMorris") to conduct a direct sales home party.  She was accompanied by her friend Yvonne Kaczmark ("Kaczmark").

Although the sales presentation was directed toward women, six men were present at the residence, serving drinks and going back and forth to the back yard.  One of those was Dokes, who came to the McMorris residence as a guest of McMorris's cousin.  After the sales presentation, Dokes came into the house and sat at the dining room table where Bonds was tallying her sales.  The party proceeds were $530, consisting of one check, one credit card transaction, and approximately $400 in cash.  Dokes interacted with Bonds for about forty-five minutes, asking questions about the products and joking.

As Bond was completing paperwork, Kaczmark began to remove the product totes from the residence and Dokes offered to help.  He lifted one of the totes

---

[1] Ind. Code § 35-42-5-1.

but soon dropped it on the floor and began to retrieve items. It appeared to Kaczmark that Dokes was "rummaging around" in the dropped box. (Tr. at 39.) Kaczmark and Dokes placed the totes in Bond's vehicle and Dokes left. Kaczmark returned to the residence to eat.

[5] Approximately one-half hour later, McMorris walked Bond and Kaczmark to the door and said goodnight. Kaczmark opened the passenger door of Bond's vehicle, illuminating the interior. As Bond approached the driver's side door, she felt a gun "pressed fairly hard" to her left temple. (Tr. at 67.) A voice that she recognized as Dokes's voice demanded "give me that purse." (Tr. at 66.) Bond dropped her purse, drink, and a tote bag. She then turned to see a man with dreadlocks, dressed in a black hoodie and dark jeans, running away. The hairstyle and clothing was consistent with Dokes's appearance at the party.

[6] Bond – by that time shaking, crying, and hysterical – exclaimed to Kaczmark that she had been robbed and then ran to McMorris's house. Bond pounded on the door and, when McMorris answered, Bonds cried out that she had "just got robbed" by "the guy at the party." (Tr. at 116.)

[7] McMorris summoned police and Bond identified Dokes from a photographic array. A neighbor found Bond's purse a few blocks away, but it had been emptied of the cash and checks.

[8] Dokes was arrested and, on April 18, 2016, he was tried in a bench trial upon a charge of Robbery, as a Level 3 felony. After the presentation of evidence, he

was convicted of the lesser-included offense of Robbery, as a Level 5 felony. He was sentenced to six years imprisonment. Dokes now appeals.

# Discussion and Decision

[9] To convict Dokes of Robbery, as a Level 5 felony, the State was required to establish beyond a reasonable doubt that Dokes knowingly or intentionally took property from Bond by using or threatening the use of force or by placing Bonds in fear. I.C. § 35-42-5-1. Dokes contends that there is insufficient evidence to identify him as the person who robbed Bond. He also claims that there is a lack of evidence as to the element of force or placing the victim in fear.

[10] When reviewing the sufficiency of the evidence to support a criminal conviction, this Court will neither reweigh the evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). We will affirm when there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[11] Bond testified that she recognized her robber by his voice. Also, she had recognized that the robber's hairstyle and clothing were consistent with Dokes's appearance at the party. Dokes asks that we discard this testimony, suggesting that a voice recognition provides inadequate identification testimony. He is

incorrect.  In *Easley v. State*, 427 N.E.2d 435, 436 (Ind. 1981), the Court stated "[i]n court identifications on the basis of voice alone have been held sufficient to sustain a conviction."  *See also Jackson v. State*, 758 N.E.2d 1030, 1036 (Ind. Ct. App. 2001) (holding that "voice identification evidence that places the defendant at the crime scene at the precise time and place of the crime's commission is direct evidence.")

As for the element of force or placing the victim in fear, Dokes observes that Bond did not specifically testify that she was fearful.  However, Bond testified that she felt a gun pressed to her temple and the force was sufficient to leave an imprint.  She also testified that she began crying and shaking and dropped her property.  Kaczmark described Bond as "frantic and hysterical" and testified that Bond ran toward the house screaming.  (Tr. at 28.)  McMorris also described Bond as being "hysterical."  (Tr. at 115.)  This provides sufficient evidence from which the fact-finder could conclude that Dokes used or threatened force or placed Bond in fear.

# Conclusion

The State presented sufficient evidence to support Dokes's conviction of Robbery, as a Level 5 felony.

Affirmed.

Najam, J., and May, J., concur.