## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2017, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

APPELLANT PRO SE

Darnell Hatton
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Darnell Hatton,
a/k/a Darnal Hatton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 15, 2017

Court of Appeals Case No.
49A05-1612-CR-2826

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge

Trial Court Cause No.
CR-79-324B

**Baker, Judge.**

[1] Darnell Hatton appeals the trial court's denial of his motion to correct erroneous sentence. Finding no error, we affirm.

[2] In 1979, Hatton was convicted of Class B felony robbery, Class B felony confinement, Class D felony theft, and Class D felony receiving stolen property. He was sentenced to consecutive sentences of twenty years each on the two Class B felonies and four years each on the two Class D felonies, and his sentence was enhanced by thirty years because he was found to be an habitual offender.[1] The sentencing order bears a stamp stating, "Commitments being held in abeyance." Appellant's App. p. 15-16.

[3] On October 28, 2016, Hatton filed a motion to correct erroneous sentence, arguing that the portion of the sentencing order directing that the sentence be "held in abeyance" was erroneous. *Id.* The trial court denied the motion, finding as follows: "Denied. Sentence herein was not postponed; Ct. simply noted it would be run consecutively to other cases."[2] *Id.* at 9. Hatton now appeals.

[4] A motion to correct erroneous sentence is appropriate only when the sentence is erroneous on its face. *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004)

---

[1] In 1998, the trial court vacated Hatton's conviction for receiving stolen property and the habitual offender finding. Appellant's App. p. 16.

[2] On April 10, 1979, a trial court had imposed a sixty-year term on Hatton in another unrelated cause. Appellant's Br. p. 13-14. In the sentencing transcript for the instant offenses, the trial court did, in fact, state that the sentences for these offenses "shall run consecutively to all other sentences to be imposed or heretofore imposed by the Courts." Appellant's App. p. 17-19.

(cautioning that "[c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence" and emphasizing that the narrow confines of this procedure are to be strictly applied). In reviewing a trial court's ruling on a motion to correct erroneous sentence, we will reverse only if the ruling is against the logic and effect of the facts and circumstances before the trial court. *E.g.*, *Hobbs v. State*, 71 N.E.3d 46, 48 (Ind. Ct. App. 2017), *trans. denied*.

[5] At the time Hatton committed these offenses, the statute authorizing consecutive sentences was generally found to apply only to those occasions where the trial court was meting out two or more terms of imprisonment at one time. *E.g.*, *Kendrick v. State*, 529 N.E.2d 1311, 1312 (Ind. 1988), *superseded by statute*. At that time, however, Indiana Code section 35-50-1-2(b) stated as follows:

> If a person commits a crime:
>
> > (1)  After having been arrested for another crime; and
> >
> > (2)  Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;
>
> The terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and the sentences are imposed.

I.C. § 35-50-1-2(b) (1979). Our Supreme Court found that this statute does not require consecutive sentences where the subsequent crime was committed between arrest and sentencing for a prior crime, but does require consecutive sentences where the subsequent offense occurred after sentencing for a prior crime. *Groff v. State*, 488 N.E.2d 711, 712 (Ind. 1986).

[6] In this case, it is impossible to tell from the face of the sentencing judgment whether Hatton committed the instant crimes after having been sentenced for another crime but not yet discharged from probation, parole, or incarceration. To make that determination, the trial court would have been required to go beyond the face of the judgment and examine the record, which is improper when evaluating a motion to correct erroneous sentence. As a result, the trial court did not err by denying Hatton's motion to correct erroneous sentence.[3]

[7] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.

---

[3] We note that in Hatton's direct appeal, our Supreme Court described Hatton's criminal history in the year leading up to his 1979 convictions in this case: in 1978, he was convicted of burglary, arrested for attempted robbery, escaped from custody, convicted of robbery, kidnapping, rape, and criminal deviate conduct, and convicted of burglary and murder; in 1979, he was convicted of escape. *Hatton v. State*, 439 N.E.2d 565, 569 (Ind. 1982). It seems nearly certain, therefore, that on July 25, 1979, when Hatton committed the instant offenses, he had already been sentenced for another crime(s) but not yet discharged from probation, parole, or incarceration.