## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2020, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEY FOR APPELLEE

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel E. Grider,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 12, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2662<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable James D. Worton,<br>Judge<br><br>Trial Court Cause Nos.<br>03D01-1901-CM-332<br>03D01-1901-F6-333<br>03D01-1905-F6-2942 |

**Barteau, Senior Judge.**

# Statement of the Case

Daniel Grider appeals his conviction and sentence for the offense of invasion of privacy, a Level 6 felony.[1] We affirm.

# Issues

Grider presents two issues for our review:

  I.    Whether the State presented sufficient evidence to support Grider's conviction of invasion of privacy.

  II.   Whether Grider's sentence is inappropriate.

# Facts and Procedural History

The facts most favorable to the verdict follow. In November 2018, Grider's then-wife, P.G., obtained a protective order against him. The protective order included P.G.'s residence and was still in effect in May 2019. On May 5, N.G., the son of Grider and P.G., was alone at P.G.'s residence when he heard knocking and rustling at the back door and someone calling his name. N.G. recognized the voice as Grider's. N.G. called P.G. and then called the police. The police arrived approximately five minutes later but were unable to locate anyone in the area. Based upon this incident, Grider was charged with invasion of privacy.

---

[1] Ind. Code § 35-46-1-15.1 (2018).

A jury found Grider guilty of invasion of privacy as a Class A misdemeanor, and he admitted to having a prior conviction, thereby enhancing the offense to a Level 6 felony. The court sentenced Grider to two years. He now appeals.

# Discussion and Decision

## I. Sufficiency of the Evidence

When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

To sustain a conviction of invasion of privacy, the State was required to prove beyond a reasonable doubt that Grider knowingly or intentionally violated a protective order that was issued to prevent domestic or family violence. Ind. Code § 35-46-1-15.1(a)(1); Appellant's App. Vol. 2, p. 94. Grider challenges only the State's identification evidence.

Grider was placed at P.G.'s house on May 5 through voice identification by N.G., his twenty-two year-old son. On both direct and cross exam, N.G. testified unequivocally that the voice he heard at the back door of the house was Grider's:

Q     Okay.  Did you recognize the voice of the person who was saying your name . . . ?

A     Yes.

Q     And who's, who's [sic] voice was it?

A     It, it was my dad[']s voice.

*******

Q     And you are a hundred percent positive, you knew it was your dad?

A     Yeah.  Yeah.

******

Q     . . . Did you have a doubt as to who was here?

A     Well, no.  Nope.

Tr. Vol. II, pp. 33, 35, 37.  In addition, N.G. testified that visitors typically go to the front door of the house and that the back door was accessible only through an alley, a large yard, and gates.

[8]    Here, the jury saw and heard both N.G. and Grider testify.  N.G., Grider's adult son who had grown up in the same house with Grider, testified that he was certain it was his father's voice calling his name at the back door of his mother's house on May 5.  Grider points to his own testimony that he was in

another town working on May 5; however, the jury was free to disregard this self-serving testimony. *See Fultz v. State*, 849 N.E.2d 616, 623 (Ind. Ct. App. 2006) ("It was entirely within the jury's province to disregard Fultz's self-serving testimony"), *trans. denied* (2007). N.G.'s voice recognition is sufficient identification evidence to support Grider's conviction of invasion of privacy. *See Easley v. State*, 427 N.E.2d 435, 436 (Ind. 1981) ("In-court identifications on the basis of voice alone have been held sufficient to sustain a conviction."); *see also Jackson v. State*, 758 N.E.2d 1030, 1036 (Ind. Ct. App. 2001) (holding that "voice identification evidence that places the defendant at the crime scene at the precise time and place of the crime's commission is direct evidence").

## II. Sentence

[9] Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as

substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Thus, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, Grider was convicted of a Level 6 felony, for which the advisory sentence is one year, with a minimum of six months and a maximum of two and one-half years. Ind. Code § 35-50-2-7(b) (2016). The court sentenced Grider to two years.

[11] Next, we look to the nature of the offense. Although under court order not to be at his then-wife's home, Grider was present on the property and attempted to open the back door of the residence while calling out his son's name.

[12] Finally, we turn to the character of the offender. Relevant here are the aggravating factors found by the trial court, the first of which is Grider's criminal history. Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*. As a juvenile, Grider was charged with battery and criminal trespass, which resulted in a suspended commitment to the DOC and one year of probation. Several other incidents did not result in formal charges. As an

adult, Grider has been convicted of misdemeanor battery resulting in bodily injury, misdemeanor invasion of privacy, and Level 6 felony intimidation. The victim of the invasion of privacy and the intimidation offenses was P.G.

[13] In addition, Grider was placed on probation in April 2019 for the invasion of privacy and intimidation convictions and then committed the current offense in May. A defendant's commission of offenses while on probation is a "substantial consideration" in the assessment of his character. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*; *see also* Ind. Code § 35-38-1-7.1(a)(6) (2015) (court may consider fact that defendant recently violated probation as aggravating circumstance). Accordingly, the trial court also considered as an aggravator the fact that Grider committed the current offense while on probation.

[14] As an additional aggravating circumstance, the court considered the fact that this case involves the same victim as in Grider's previous case. Citing caselaw he concedes is no longer good law, Grider asserts that this is an improper aggravating factor. However, the alleged impropriety of this aggravator is of no moment because the court found at least two other aggravating factors, and when a trial court improperly applies an aggravator but another valid aggravating circumstance exists, a sentence enhancement may still be upheld. *Hatchett v. State*, 740 N.E.2d 920, 929 (Ind. Ct. App. 2000), *trans. denied* (2001).

[15] Further, Grider informed the court of his substance abuse problem and requested to enter the drug court program and be placed in community

corrections in lieu of imprisonment. Although sentencing Grider to executed time, the court nevertheless ordered that he be allowed to participate in the RWI (Recovery While Incarcerated) program and, if successful, that he would be permitted to request a sentence modification.

[16] In light of these circumstances, we cannot say that Grider has met his burden of presenting compelling evidence portraying in a positive light the nature of the offense and his character in order to overcome the trial court's sentencing decision.

# Conclusion

[17] For the reasons stated, we conclude the evidence identifying Grider's voice was sufficient to support his conviction and his sentence was not inappropriate.

[18] Affirmed.

Brown, J., and Pyle, J., concur.